HOBSON, Judge.
This is an appeal seeking review of an order sentencing appellant to two years of probation. The parties will be referred to here as they were below.
Defendant was found guilty by jury verdict of willfully and maliciously setting fire to two dwelling houses which were rental apartments and an abandoned shop which was being readied for similar use. Having moved for a new trial or in the alternative, judgment notwithstanding the verdict, which were both denied by the trial court, defendant now alleges on appeal that the evidence was insufficient to sustain the jury verdict of guilty and the sentence thereon. It would serve no useful purpose to enumerate the voluminous facts adduced at the trial.
The State bases its case entirely on circumstantial evidence. The law concerning the sufficiency of circumstantial evidence is stated in Davis v. State, Fla.1956, 90 So.2d 629, 631-632, to the effect that:
“Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence.”
It is our opinion, after a thorough review of the record on appeal, that the circumstantial evidence, although sufficient to suggest the probability of defendant’s guilt, is also consistent with a reasonable hypothesis of innocence. Therefore, the conviction cannot stand.
Reversed and remanded for a new trial.
LILES, A. C. J., and MANN, J., concur.